IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-62,840-02





EX PARTE JESSE JOE HERNANDEZ, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. W02-00777-Q FROM THE 204TH


DISTRICT COURT OF DALLAS COUNTY





 Price, J., filed a concurring statement.


CONCURRING STATEMENT


 In this subsequent application for writ of habeas corpus seeking relief from a capital
judgment and impending execution, the applicant has invoked the United States Supreme
Court's grant of certiorari review in Martinez v. Ryan, (1) in which that Court was expected to
address whether a habeas applicant has a constitutional right to the effective assistance of
counsel in his initial state habeas proceedings, at least for any claim that can be raised for the
first time only at that stage. (2) Yesterday, the Supreme Court handed down its opinion in
Martinez. (3) In its opinion, however, the Supreme Court avoided the constitutional question
it had explicitly granted certiorari to decide. Instead, it held that the ineffective assistance
of counsel during initial state habeas proceedings may constitute "cause" to permit federal
habeas corpus review, under the rubric of federal "cause and prejudice," (4) of the merits of a
claim of ineffective assistance of trial counsel if this claim was procedurally defaulted in
state court because it was not raised in the initial state habeas corpus application and state
law will not entertain such a claim until post-conviction habeas corpus proceedings. While
this ruling means that a claim such as the one that the applicant presently raises may hereafter
be reviewable on the merits in an initial federal habeas corpus proceeding, it hardly avails
this applicant in the here and now.

 Having endeavored to avoid the federal constitutional issue, the Supreme Court said
nothing in its Martinez opinion that would serve to undermine this Court's holding in Ex
parte Graves. (5) In Graves, the Court refused to construe Section 5 of Article 11.071 in such
a way as to allow a subsequent habeas applicant to invoke the ineffectiveness of initial state
habeas counsel as a reason to permit a claim to be raised for the first time in his subsequent
habeas application. (6) In other words, ineffective performance by initial state habeas counsel
cannot overcome our statutory abuse of the writ doctrine. The applicant nevertheless argues
that this Court should "recognize the equitable principles expressed in Martinez" and
reconsider our holding in Graves. (7) Although I dissented in Graves, it was essentially a case
about statutory construction, and I do not think it prudent to indulge equitable principles as
a basis to revisit our long-held construction of statutory language. In the absence of a holding
from the Supreme Court, or another case currently pending under certiorari review, with
respect to whether an initial habeas applicant has a constitutional right to effective assistance
of counsel that would trump the statutory language of Article 11.071, Section 5 as this Court
has authoritatively construed it, I revert to my former reliance upon Graves as binding stare
decisis, and join the Court's order dismissing the applicant's subsequent writ application and
denying his request for a stay of execution. (8)

 The applicant complains that "the result" of our leaving Graves in place following the
Supreme Court's holding in Martinez "would be an almost blanket deferral to federal
courts." (9) I agree. Any initial federal habeas applicant who is able to show the federal court
that his initial state habeas counsel provided constitutionally ineffective assistance may be
able, after yesterday's holding in Martinez, to obtain de novo consideration of claims in
federal court, the Antiterrorism and Effective Death Penalty Act notwithstanding. But this
is an appeal to be made to the Legislature in the name of Texas's right, under our federal
system, to be afforded the first opportunity to decide federal constitutional issues that arise
in the context of state post-conviction proceedings. I urge the Legislature to consider
amending the abuse of the writ provisions of Article 11.071, Section 5, expressly to permit
this Court to review claims raised in subsequent capital habeas applications that could have
been raised in the initial state habeas application but were not because of the demonstrated
ineffectiveness, as measured under Strickland v. Washington, of initial state habeas counsel. (10)


FILED: March 21, 2012

DO NOT PUBLISH
1. 131 S.Ct. 2960 (2011).
2. The question presented in Martinez is: "Whether a defendant in a state criminal case who
is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial
counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has
a federal constitutional right to effective assistance of first post-conviction counsel specifically with
respect to his ineffective-assistance-of-trial-counsel claim." Martinez v. Ryan, 2011 WL 3467246,
at i (Appellate Brief) (U.S. Aug. 4, 2011). While defendants in criminal cases in Texas are not
absolutely prohibited by law from challenging the effectiveness of their trial counsel on direct
appeal, such claims typically call for extensive factual development beyond what is disclosed in the
appellate record, and thus, as a practical matter, post-conviction habeas corpus is the first opportunity
to raise them. See Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).
3. Martinez v. Ryan, ___ U.S. ___, 2012 WL 912950 (Mar. 20, 2012).
4. E.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner
has defaulted his federal claims in state court pursuant to an independent and adequate state
procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate
cause for the default and actual prejudice as a result of the alleged violation of federal law[.]").
5. 70 S.W.3d 103 (Tex. Crim. App. 2002).
6. Id.; Tex. Code Crim. Proc. art. 11.071, § 5.
7. Applicant's Additional Briefing Regarding Martinez v. Ryan in Support of Subsequent
Application for Writ of Habeas Corpus at 10.
8. See Ex parte Foster, No. WR-65,799-02, 2010 WL 5600129, at *2 (Tex. Crim. App. Dec.
30, 2010) (not designated for publication) (Dissenting Statement of Price, J.) ("Since [Graves] was
decided, I have generally bowed to its holding under stare decisis.").
9. Applicant's Additional Briefing, supra, at 10.
10. Martinez, supra, at *8 ("cause" to justify a federal court in reaching the merits of an issue
that was procedurally defaulted in state court may be established by showing initial state habeas
counsel's ineffectiveness in failing to raise the claim, ineffectiveness to be measured by the Sixth
Amendment standard announced in Strickland v. Washington, 466 U.S. 668 (1984)).